UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

| | |
|---|---|
| RITA GREENE, <br> MIRTA KHAN, <br> PAULINE MUMFORD, <br> DEBORAH MCPHERSON, <br> JULNOR JEAN, <br> ROBERT GREEN, <br> SAMUAL PAUL, <br> Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> H & R BLOCK EASTERN ENTERPRISES, INC., H & R BLOCK, INC., H & R BLOCK GROUP, INC., H & R BLOCK TAX SERVICES, INC., H & R BLOCK ENTERPRISES, INC. <br><br> Defendant. | COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT <br><br> COLLECTIVE ACTION AND CLASS ACTION OPT-IN PURSUANT TO 29 U.S.C. § 216(B) <br><br> DEMAND FOR JURY TRIAL |

Plaintiffs, RITA GREENE, MIRTA KHAN, PAULINE MUMFORD, DEBORAH MCPHERSON, JULNOR JEAN, ROBERT GREEN, SAMUAL PAUL individually and on behalf of other similarly situated employees (hereinafter collectively referred to as "Plaintiffs" or "Named Plaintiffs"), by and through the undersigned counsel, bring this lawsuit against Defendants, H & R BLOCK EASTERN ENTERPRISES, INC., H & R BLOCK, INC., H & R BLOCK GROUP, INC., H & R BLOCK TAX SERVICES, INC., H & R BLOCK ENTERPRISES, INC. (hereinafter, collectively "Defendants" or "H & R Block") seek to recover for Defendants violation of the Fair Labor Standards Act (hereinafter "FLSA").

## INTRODUCTION

1. This action is brought on behalf of all "tax preparers", "tax professionals", "tax associates" and individuals holding comparable positions with different titles employed by H & R Block within the United States of America. H & R Block has required the Plaintiffs and all other similarly situated tax professionals to complete between 24 to 64 hours of mandatory training in-person classes and online training while working in the course of their employment, yet failed to pay the employee for the hours, and continues to fail to pay these employees at least the minimum wage for these hours in which they worked. Plaintiffs were employed by H & R Block as Tax Preparers and/or Tax Professionals and/or Tax Associates during the relevant three years prior to the filing of the complaint.

2. Pursuant to a company-wide policy and practice, H&R Block uniformly required Plaintiffs, and all other similarly situated Tax Preparers and/or Tax Professionals and/or Tax Associates, to complete 24 to 64 hours of mandatory training during and after the tax season, between January and April, and year round in order to be eligible to prepare tax returns for H & R Block. The training and update classes occur during the existence of a continuing employment relationship and are mandatory classes held by H & R Block for their employees. The FLSA mandates that Defendants pay these employees at least minimum wage for these training hours and mandatory classes. In willful disregard of federal law, H & R Block failed and refused to pay Plaintiffs and all other similarly situated tax preparers for these 24 to 64 hours of mandatory training during and between tax seasons violating the FLSA.

3. Also, Defendants requested Plaintiffs and other similarly situated employees to work unpaid hours "off the clock" in work weeks while working less than 40 hours weekly. Defendant failed to pay tax preparers, tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles, the minimum wage under the FLSA for many hours weekly the Plaintiffs worked "off the clock" while working for Defendant under 40 hours weekly. Plaintiffs were informed by their H & R Block supervisors to punch out of the time keeping system weekly but to continue working "off the clock" to stay under the scheduled hours allocated to the branch, normally under 40 hours weekly to curb and prevent overtime payments. The H & R Block supervisors would require the Plaintiffs to work "off the clock" to complete additional duties such as completing tax returns and/or mandatory marketing of H & R Block while working not clocked in with a true motivation system set up by H & R Block to offer to pay commissions for each tax return completed while working "off the clock" at the end of each tax season.

4. This lawsuit is brought as a collective action under the FLSA to recover unpaid minimum wages owed to Plaintiffs and all others similarly situated for all hours under 40 hours weekly worked without compensation.

5. H & R Block's tax services business provides tax return preparation and related services through the United States. H & R Block prepared in excess of 21 million tax returns in the United States in each of the last three years reaching approximately 16% of all individual tax returns in the United States. H & R Block employs over 100,000 tax preparers in the United States.

## NATURE OF THE ACTION

6. Plaintiffs allege on behalf of themselves and other current and former tax professional, tax associates, tax specialists, tax professional assistants, and similarly situated current and former employees holding comparable positions with different titles, employed by Defendants in the United States, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§ 216(b) (the "Collective Action Class"), that they are: 1) Entitled to unpaid wages in an amount not less than the FLSA's minimum wage for the 24 to 64 hours of tax preparation training and update classes they are required to complete and that is directly related to their employment with Defendants, as required by 29 U.S.C. § 206, 29 CFR § 785.27, CFR §785.28, 29 CFR § 785.29; and, 2) Entitled to be paid the minimum wages under the FLSA for all hours worked for Defendants less than 40 hours weekly where the employee was paid no hourly wage for working for H & R Block; and 3) Entitled to liquidated damages and attorneys' fees and costs pursuant to the FLSA.

7. Plaintiffs bring this action on behalf of all persons who were, are, or will be employed by H & R Block in Florida, as tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles (the "Florida Class"), at any time within the three years prior to the date of the filing of this complaint through the date of the final disposition of the action (the "Florida Class Period"), and who were not, are not, or will not, be paid wages in an amount not less than minimum wage under the FLSA, for the 24-64 hours of mandatory training and update classes (in class and/or online training) each tax season and/or yearly that employees are required to complete and that is directly related to their employment

with Defendants and/or employees working "off the clock" hours or hours not represented on paychecks under 40 hours weekly without minimum wage payments by Defendants.

8. Plaintiffs have information and belief that H & R Block's policy not to pay for the mandatory training classes is a National Policy. *(See Petroski v. H & R Block et al., Case No. 10-cv-00075, filed in the United States District Court for the Western District of Missouri, claiming this same policy on non-payment of minimum wages for mandatory training classes of 24 hours each tax season for Plaintiffs in Missouri. Also see, Hom v H & R Block et al, Case No. 10-cv-00476-H-RBB, filed in the United States District Court Southern District of California, where employees of H & R Block claim this same policy of minimum wage violations for training classes.)*

9. Plaintiffs bring this action on behalf of all persons who were, are, or will be employed by H & R Block in the United States of America in all Districts where Defendants are located performing tax services, as tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles (the "National Class"), at any time within the three years prior to the date of the filing of this complaint through the date of the final disposition of the action (the "National Class Period"), and who were not, are not, or will not, be paid wages in an amount not less than minimum wage under the FLSA, for the 24-64 hours of mandatory training (in class and/or online training) that they are required to complete and that is directly related to their employment with Defendants and/or employees working "off the clock" hours or hours not represented on paychecks under 40 hours weekly without minimum wage payments by Defendants.

## JURISDICTION AND VENUE

10. The Court has federal question jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue in this district is proper pursuant to 28 U.S.C § 1391 (b) and (c) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this district

12. Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employee for purposes of the FLSA.

13. Defendants are foreign corporations and at all times material hereto were engaged in interstate commerce and had gross sales in excess of $500,000 in the relevant years.

## THE PARTIES

14. Plaintiffs, RITA GREENE, MIRTA KHAN, PAULINE MUMFORD, DEBORAH MCPHERSON, JULNOR JEAN, ROBERT GREEN, SAMUAL PAUL all reside in Miami-Dade County, Florida. These individuals all worked for Defendants in the years 2007 through 2010 preparing tax returns for Defendants.

15. Upon information and belief, Defendant H & R Block, Inc., is a corporation organized and existing under the laws of the state of Missouri, with its principal place of business in Kansas, City, Missouri. H & R Block advertises that it employs 100,000 tax professionals, has served more than 400 million clients, and has a retail office within 5 miles of most Americans. (See www.hrblock.com).

16. Upon information and belief, H & R Block Group, Inc. is a corporation organized as existing under the laws of the state of Missouri, with its principal place of business in Kansas City, Missouri.

17. Upon information and belief, H & R Block Tax Services, Inc. is a corporation organized as existing under the laws of the state of Missouri, with its principal place of business in Kansas City, Missouri

18. Upon information and belief, H & R Block Enterprises, LLC is a limited liability company organized as existing under the laws of the state of Missouri, with its principal place of business in Kansas City, Missouri.

19. Upon information and belief, H & R Enterprises, Inc. is a corporation organized as existing under the laws of the state of Missouri, with its principal place of business in Kansas City, Missouri.

20. Upon information and belief, H & R Block Eastern Enterprises, Inc. is a corporation organized as existing under the laws of the state of Missouri, with its principal place of business in Kansas City, Missouri

21. Upon information and belief, each Defendant is a joint employer of Plaintiffs and other similarly situated and each Defendant was the principal, agent, partner, joint venture, controlling shareholder of the other Defendants, and/or was engaged with the other Defendants in a joint enterprise for profit, and bore such other relationships to the other Defendants so as to be liable for their conduct.

22. Defendants operated as a single enterprise.

23. Defendants have maintained a uniform common policy and practice of (1) not paying tax preparers, tax professionals, tax associates, tax specialists, tax professional assistants, and

similarly situated employees holding comparable positions with different titles, minimum wages for all hours worked while attending mandatory training classes and/or online internet training classes; (2) not paying tax preparers, tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles, the minimum wage under the FLSA for hours worked for Defendantd under 40 hours weekly.

## COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all person who are or were formally employed by Defendants in the United States at any time since May 21, 2007 to the entry of judgment in this case (the "Collective Action Period"), as tax preparers, tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles and other comparable positions with different titles, who did not receive compensation for all hours worked and did not receive at least minimum wage for all hours they worked (the "Collective Action Member").

25. This Collective Action Class is so numerous that joinder of all member is impracticable. Although the number of these employees is unknown at this time, upon information and belief there are thousands of members of the Collective Action class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

26. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained the undersigned counsel experienced and competent in the field of wage and hour law and FLSA class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action

27. A Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, since the damages suffered by each individual Collective Action Member may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action

28. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are: a. Whether the Defendants employed the Collective Action Members pursuant to the FLSA; b. Whether Defendants failed to post the required notice explaining minimum wages rights provided by the FLSA; c. Whether Defendants failed to pay the Collective Action Members at least minimum wages for all hours they worked under 40 hours weekly, in violation of the FLSA; d. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; e. Whether Defendants are liable for damages claimed in this lawsuit, including unpaid wages, liquidated wages, attorneys' fees and costs.

29. For judicial economy and to prevent potentially hundreds of similar lawsuit, Plaintiffs filed this case as a Collective Action.

## STATEMENT OF FACTS

30. Plaintiffs were employed by Defendants as "tax preparers", "tax professionals", "tax associates" and individuals holding comparable positions with different titles employed by H & R Block in Miami-Dade County, Florida

31. Plaintiffs, RITA GREENE, MIRTA KHAN, PAULINE MUMFORD, DEBORAH MCPHERSON, JULNOR JEAN, ROBERT GREEN, SAMUAL PAUL all reside in Miami-Dade County, Florida. These individuals all worked for Defendants in the years 2007 through 2010 preparing tax returns for Defendants.

32. Plaintiffs and other similarly situated employees are owed at least 24 to 64 hours of minimum wages for each year worked for Defendants while completing mandatory courses and training for Defendants without pay.

33. Plaintiffs and other similarly situated employees are owed between 2 to 20 hours of minimum wages each week in the months January through April of the years 2007 and/or 2008 and/or 2009 and/or 2010 for the hours Plaintiffs worked "off the clock" performing work duties for Defendants such as completing tax returns or mandatory marketing in passing out H & R Block flyers or H & R Block business information.

34. H & R Block has required the Plaintiffs and all other similarly situated tax professionals to complete between 24 to 64 hours of mandatory training in-person classes and online training classes while working in the course of their employment, yet Defendants failed to pay the employee for the hours, and continues to fail to pay these employees at least the minimum wage for these hours in which they worked. Plaintiffs were employed by H & R Block as Tax Preparers and/or Tax Professionals and/or Tax Associates during the relevant three years prior to the filing of the complaint.

35. Pursuant to a company-wide policy and practice, H&R Block uniformly required Plaintiffs, and all other similarly situated Tax Preparers and/or Tax Professionals and/or Tax Associates, to complete 24 to 64 hours of mandatory training during and after the tax season, between January and April, and year round in order to be eligible to prepare tax returns for H & R Block. The training and update classes occur during the existence of a continuing employment relationship and are mandatory classes held by H & R Block for their employees. The FLSA mandates that Defendants pay these employees at least minimum wage for these training hours and mandatory classes. In willful disregard of federal law, H & R Block failed and refused to pay Plaintiffs and all other similarly situated tax preparers for these 24 to 64 hours of mandatory training during and between tax seasons violating the FLSA

36. Also, Defendants requested Plaintiffs and other similarly situated employees to work unpaid hours "off the clock" in work weeks while working less than 40 hours weekly. Defendant failed to pay tax preparers, tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles, the minimum wage under the FLSA for many hours weekly the Plaintiffs worked "off the clock" while working for Defendant under 40 hours weekly. Plaintiffs were informed by their H & R Block supervisors to punch out of the time keeping system weekly but to continue working "off the clock" to stay under the scheduled hours allocated to the branch, normally under 40 hours weekly to curb and prevent overtime payments. The H & R Block supervisors would require the Plaintiffs to work "off the clock" to complete additional duties such as completing tax returns and/or mandatory marketing of H & R Block while working not clocked in with a true

motivation system set up by H & R Block to offer to pay commissions for each tax return completed while working "off the clock" at the end of each tax season.

37. This lawsuit is brought as a collective action under the FLSA to recover unpaid minimum wages owed to Plaintiffs and all others similarly situated for all hours under 40 hours weekly worked without compensation.

38. H & R Block's tax services business provides tax return preparation and related services through the United States. H & R Block prepared in excess of 21 million tax returns in the United States in each of the last three years reaching approximately 16% of all individual tax returns in the United States. H & R Block employs over 100,000 tax preparers in the United States.

## COUNT I: FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATION

39. Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 38 as if they were set forth again herein

40. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA 29 U.S.C. §§ 206 and 207.

41. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

42. Upon information and belief, at all relevant times, Defendants have had gross sales in excess of $500,000.

43. The FLSA required each covered employer, such as Defendants, to compensate all employees at a rate of not less than minimum wage for work performed up to 40 hours weekly.

44. Plaintiffs and all members of the Collective Action are entitled to be paid at least minimum wage for all hours they worked.

45. At all relevant times, Defendants have had a policy and practice of refusing to pay Plaintiffs and the members of the Collective Action at least minimum wages for all hours worked by them.

46. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the similarly situated employees, at least minimum wage for all hours worked under 40 hours weekly, including but not limited to the time they spent in training programs, online-training, working "off the clock" performing duties for Defendants without pay.

47. Defendants have violated and continue to violate the FLSA.

48. Plaintiffs and other similarly situated have been damaged.

49. As a result of Defendants' failure to record, report, credit and/or compensate Plaintiffs and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the exact wages owed, hours and other conditions and practice of employment in violation of FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211 (c) and 215 (a).

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

51. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from Defendants, at least minimum

wages for all hours worked, an additional equal amount as liquidated damages for Defendants' willful violations of the FLSA and for its unreasonably delayed payment of wages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216 (b).

52. Defendants failed to post any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to minimum wage payments. Plaintiffs have retained the law offices of the undersigned attorneys to represent them in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated employees, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216 (b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216 (b) and appointing Plaintiffs and their counsel to represent the Collective Action Members and tolling the statute of limitations;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. An award of unpaid wages for all hours worked due under the FLSA;

D. An award of liquidated damages;

E. An award of prejudgment and post judgment interest;

F. An award of reasonable attorneys' fees and costs and expenses of this action;

G. Such other and further relief as this Court deems just and proper;

H. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

I. Plaintiffs demand a trial by jury.

## DEMAND FOR TRIAL BY JURY

Plaintiff and those similarly-situated demand trial by jury on all questions of fact raised by the Complaint.

Dated: May 21, 2010

Respectfully submitted,

REMER & GEORGES-PIERRE, PLLC

By: _____
Jason S. Remer, Esq.
Florida Bar Number: 0165580
jremer@rgpattorneys.com;


**REMER & GEORGES-PIERRE, PLLC**
Jason S. Remer, Esq. (0165580)
Anthony M. Georges-Pierre, Esq. (533637)
11900 Biscayne Boulevard
Suite 288
Miami, Florida 33181
Tel. (305) 416-5000
Fax: (305) 416-5005

Email: jremer@rgpattorneys.com
Email: agp@rgpattorneys.com