## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21663-CV-KING

RITA GREENE, et al., individually and on
behalf of all others similarly situated,

      Plaintiff(s),

v.

H&R BLOCK EASTERN ENTERPRISES,
INC., H&R BLOCK, INC., H&R BLOCK
GROUP, INC., H&R BLOCK TAX
SERVICES, INC., H&R BLOCK
ENTERPRISES, INC.,

      Defendants.

_____/

## FINAL ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

THIS CAUSE comes before the Court upon Defendants' Omnibus Motion to Dismiss

Based on the Rule Against Claim-Splitting (DE #15) filed on June 17, 2010.[1] After careful

consideration and for the reasons set forth below, the Court determines that the motion should be

granted.

## I.    Background

For the sake of clarity, it is necessary to detail the background of both the instant case and

an earlier-filed action, *Illano v. H&R Block Eastern Enterprises d/b/a H&R Block*, No. 09-

22531-CIV-KING (S.D. Fla. Filed Aug. 27, 2009) (hereinafter "*Illano*"), predicated upon

substantially similar facts and causes of action as those found in the instant case.[2]

---

[1] Defendants' Motion to Dismiss has been amply briefed, as Plaintiffs filed a Response (DE #30) on July 6, 2010, and Defendants filed a Reply (DE #33) on July 16, 2010. Additionally, the Court heard Oral Argument (DE #34) on July 20, 2010.

[2] This Court hereby takes judicial notice of *Illano* and its pleadings to prevent Defendants' Motion to Dismiss from being converted into a motion for summary judgment. *See Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).

A. Background of *Illano*

On August 27, 2009, Joaquin Illano and other similarly-situated individuals – represented by the same counsel who would later bring the instant action – alleged violations of the FLSA requirements for overtime compensation against H&R Block. In that case, the plaintiff was an associate employed by H&R Block. He alleged that he and other similarly situated individuals employed by H&R Block nationwide had worked an average of sixty hours per week without appropriate compensation for any hours worked in excess of 40 hours per week. (*Illano* Compl. ¶¶ 8-9). The Complaint further claimed that H&R Block's failure to compensate for "straight or overtime wages" violated the FLSA. (*Illano* Compl. ¶¶ 9-10). On October 16, 2009 the *Illano* plaintiff filed an Omnibus Motion for Conditional Certification of Collective Action, 09-cv-22531-KING (DE #12), which sought conditional certification of a nationwide class of similarly-situated individuals employed by H&R Block who had also been refused appropriate overtime compensation. H&R Block responded to the Motion for Conditional Certification and argued that such certification was inappropriate for four reasons: 1) there was no evidence of plaintiffs similarly situated to the named *Illano* plaintiff, which is a requirement under the FLSA; 2) the nature of the *Illano* complaint demanded an individualized inquiry ill-suited for collective action; 3) there were insufficient allegations of H&R Block action against the alleged class of plaintiffs; and 4) plaintiffs failed to demonstrate that other purportedly similarly situated individuals desired to opt-in to the litigation, another requirement of the FLSA. This Court entered an Order, 09-cv-22531-KING (DE #37), on January 12, 2010 denying the *Illano* Motion for Conditional Certification on the basis of plaintiff's failure to demonstrate a sufficient number of others similarly situated to the plaintiff. After the *Illano* plaintiff filed a second Motion for Conditional Certification, 09-cv-22531-KING (DE #39), in which it sought conditional

certification of a class of all persons in Miami-Dade County, Florida who were similarly situated to the plaintiff, this Court granted the plaintiff's motion. 09-cv-22531-KING, (DE #46). By Order dated March 3, 2010, 09-cv-22531-KING, (DE # 52), this Court approved notice to conditional plaintiffs, which required similarly-situated employees of H&R Block to opt-in to the conditional class by June 4, 2010.[3]

## B. Background of Instant Case

On May 21, 2010, over eight months after filing *Illano*, the plaintiff's attorney for *Illano* filed the instant Complaint (DE #1) as a putative class action, seeking relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Specifically, the Complaint purports to be brought on behalf of all "tax preparers", "tax professionals", "tax associates", and other similarly situated individuals employed by H&R Block within the United States of America. (Compl. ¶¶ 1, 6, 9). The Complaint alleges that, for three years prior to the filing of the Complaint, Defendants willfully refused to compensate Plaintiffs and other similarly situated individuals for mandatory training performed in the course of their employment. (Compl. ¶ 1, 6). Additionally, the Complaint alleges that Defendants required Plaintiffs and other similarly situated employees to work unpaid hours "off the clock" to prevent overtime payments. According to the Complaint, this policy resulted in H&R Block's failure to pay even the minimum-wage requirement due to Plaintiffs under the FLSA. (Compl. ¶¶ 3, 7). The Complaint concludes that Defendants' failure to compensate Plaintiffs and similarly-situated individuals for the mandatory training and for "off the clock" work violated the FLSA. (Compl. ¶ 7).

---

[3] As will be discussed below in greater detail, the cutoff for the opt-in date in *Illano* was thirteen days prior to Defendant's Motion to Dismiss in the instant case.

In response, Defendants filed their Motion to Dismiss in which they claim that dismissal of Plaintiffs' action is appropriate on two grounds, both of which focus on the relationship between the instant suit and the earlier-filed *Illano*: 1) Plaintiffs' suit constitutes inappropriate claim-splitting and duplicative litigation; and 2) Plaintiffs' suit is an attempt to circumvent this Court's ruling regarding conditional certification in *Illano*.

## II.     Legal Standard

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed if the facts as pleaded fail to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.,* 412 U.S. 669, 688 (1973)). Finally, "[i]n analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).

## III.    Discussion

As noted above, Defendants, movants in this matter, make two arguments for dismissal of the instant action: 1) inappropriate claim-splitting and duplicative litigation; and 2)

circumvention of *Illano*'s conditional certification.  It is necessary for this Court to adjudicate only the first proposed basis for dismissal, as it is dispositive.

A.  Claim-Splitting & Duplicative Litigation

Defendants' first basis for dismissal is that the established refusal of courts to permit claim-splitting mandates dismissal of Plaintiffs' claims in the instant case.  Defendants argue that the instant matter involves the same subject as *Illano* – an alleged failure by H&R Block to compensate a defined group of individuals for "off the clock" employment.  Additionally, Defendants argue that both cases seek recovery against the same corporate defendants. Defendants further note that Rita Greene and at least six other named individuals in the instant action filed consents to join the *Illano* lawsuit as conditional plaintiffs in March 2010.[4] Defendants also point out that this matter necessarily relies on the same nucleus of facts at issue in *Illano*: 1) alleged instruction by H&R Block management to limit time entry to less than forty hours; 2) an alleged preconceived plan limiting such time entry for each H&R Block office; and 3) an alleged compensation system that contravened the FLSA.  Finally, Defendants claim that any discovery pursued in the instant case would necessarily involve the precise issues involved in any discovery in *Illano*.

In response, Plaintiffs argue that the issues involved in the instant case differ from those in *Illano*.  Specifically, Plaintiffs claim that they seek recovery for certain violations of the FLSA that are not at issue in *Illano*, such as pay for mandatory training classes completed by Plaintiffs for H&R Block within the last three years.  As a final matter, Plaintiffs argue that because many of them are not named plaintiffs in *Illano*, they may have valid claims that may be not heard in

---

[4] There seems to be some confusion in this regard as to who is a named Plaintiff in the instant case.  For purposes of this Order, the Court refers to the individuals who have consented to join the named Plaintiff collectively as "Plaintiffs".

any context other than the instant case. In lieu of dismissal of the instant case, Plaintiffs would seek consolidation of this matter and *Illano*.

It is well settled that a plaintiff "may not file duplicative complaints in order to expand their legal rights." *Curtis v. Citibank*, 226 F.3d 133, 140 (2d Cir. 2000). Such a policy ensures that a plaintiff may not "split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Stark v. Starr*, 94 U.S. 477, 485 (1876). The effect of this restriction is twofold: to ensure fairness to litigants and to conserve judicial resources. *See, e.g., Borrero v. United Healthcare of New York, Inc.*, -- F.3d --, 2010 WL 2652456, *9-11 (11th Cir. July 6, 2010) (discussing related doctrine of claim preclusion and its judicial purpose). According to the Second Circuit, a district court has authority as part of its inherent power over its docket administration to stay or dismiss a suit that is duplicative of another case then pending in federal court. *Curtis*, 226 F.3d 133 at 138; *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, No. 07-227, 2008 WL 759095 (M.D. Fla. Mar. 20, 2008) (discussing claim-splitting in context of 11th Circuit). To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and permit the later-filed suit to be dismissed if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit. *Zephyr Aviation III, LLC*, 2008 WL 759095, *1 n.4.

Under this standard, there is no doubt that Defendant's Motion to Dismiss must be granted. The first prong of the two-part test for claim-splitting is satisfied as the same parties are involved in both *Illano* and the instant matter; not only are the same defendants named in both suits, at least seven plaintiffs in the instant matter have also filed consents to join and opt-in to *Illano*. Moreover, the second prong is also satisfied in that Plaintiffs' allegations arise out of the

same transaction or series of transactions found in *Illano*. Both in its Response to Defendant's Motion and its oral argument, Plaintiffs' counsel failed to differentiate the nucleus of operative facts in the instant case from those at issue in *Illano*. Instead, Plaintiffs agree in their Response to Defendant's Motion to Dismiss that the instant case and *Illano* "involve a multitude of common questions of both law and fact .... [such as the] facts of these individuals supervisors and witnesses". (DE #30 at 13). Even more tellingly, Plaintiffs admit that the instant case and *Illano* are "virtually identical". Moreover, although not dispositive on its own, *see Myers v. Colgate-Palmolive Co.*, 102 F. Supp. 2d 1208, 1224 (D. Kan. 2000) (noting that identical relief is not a prerequisite of dismissal due to claim-splitting), Plaintiffs seek relief that is indistinguishable from that sought by *Illano*. For instance, the instant Complaint requests relief for wages due under the FLSA "for all hours worked." (Compl. ¶ 7). Likewise, the *Illano* complaint seeks relief for not only overtime wages as suggested by Plaintiffs' counsel, but also for any wages due H&R Block employees that were improperly withheld. (*Illano* Compl. ¶ 6). This overlap of relief founded upon the same series of facts at issue convinces this Court that the instant case is duplicative of *Illano*.

Although Plaintiffs argue for consolidation because of the extensive commonalities between the questions of law and fact, such consolidation is inappropriate here. As noted above, this Court mandated that any individual interested in joining *Illano* as a similarly situated conditional plaintiff was required to do so by June 4, 2010. 09-cv-22531-KING, (DE # 52). It is clear from the record before this Court that at least seven of the Plaintiffs in the instant matter opted-in as conditional plaintiffs in the *Illano* suit. Consolidating the instant matter with *Illano* would have the unacceptable consequence of allowing additional conditional plaintiffs to join *Illano* beyond this Court's mandated deadline for doing so. The Court will not permit such back-

door entry into a conditional class that has been closed after an appropriate notice period. Therefore, dismissal rather than consolidation is appropriate where, as here, it falls within the authority of the Court. *Adams v. Cal. Dep't of Health Svcs*, 487 F.3d 684, 688 (9th Cir. 2007).

As a final matter, the Court notes that dismissal of the instant matter does not bar other avenues of recovery by the aggrieved Plaintiffs. This Court's decision to dismiss this matter with prejudice is not a decision on the merits, so cannot be considered *res judicata* for any later suit. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238-40 (11th Cir. 1999) (noting that under four-prong test, *res judicata* only attaches where there has been a final judgment on the merits). Plaintiffs will therefore retain the ability to pursue individual action if they are so inclined, so long as any action complies with procedural safeguards and limitations. *See Bambgbose v. Delta-T Group, Inc.*, -- F. Supp. 2d. --, No. 2010 WL 2649925, *2-3 (E.D. Pa. June 30, 2010) (recognizing right of individuals to file individual actions after dismissal of FLSA opt-in suit); *Lusardi v. Lechner*, 855 F.2d 1062, 1067-69 (3d Cir. 1988). Moreover, aside from individual rights to sue that are available, both parties also agree that there is ongoing multi-district litigation in other states regarding H&R Block's compliance with the FLSA as it pertains to H&R Block's training compensation, which may afford claimants an opportunity to opt-in to ongoing conditional certification proceedings. *See Petroski v. H&R Block E. Enterprises*, No. 4:2010-CV-00075 (W.D. Mo., filed Jan. 25, 2010) (filed over three months prior to the instant case); *Oyer v. H&R Block E. Enterprises*, No. 1:2010-CIV-00387 (W.D.N.Y., filed May 10, 2010) (filed 11 days prior to the instant case). Therefore, the Court has no concern that Plaintiffs would lose any justiciable claims through dismissal of this matter.

B. Circumvention of Conditional Certification in *Illano*

Defendant's second argument is that the instant case is an attempt to evade this Court's conditional certification of *Illano*. In *Illano*, the plaintiffs had sought a nationwide conditional certification of all persons employed by H&R Block in the last three years. After this Court had denied such a broad certification, the *Illano* plaintiffs narrowed their motion for conditional certification to a smaller class of individuals limited to Miami-Dade County, Florida, which this Court granted. Now, Defendant claims that Plaintiffs are seeking a second bite at the apple of conditional certification in the hope of accessing a broader class of H&R Block employees in this suit.

In response, Plaintiffs claim that this matter is necessary to protect their individual rights. According to Plaintiffs, this action was filed not to circumvent *Illano*'s conditional certification, which was first denied by this Court four months prior to the filing of this Complaint, but instead to redress H&R Block's failure to pay for mandatory training classes and other "off the clock" activities. (Compl. ¶ 3); Pl. Resp. to Mot. to Dismiss at 12-13. Further, Plaintiffs state that, if this matter is not dismissed, they would seek to amend the Complaint to include a Florida Minimum Wage claim with a different statute of limitations, which would permit Plaintiffs to seek further redress. Pl. Resp. to Def. Mot. to Dismiss at 3.

While it is clear that Plaintiffs will not be prejudiced by dismissal of the instant case, the Court finds that Defendant's argument as to any alleged attempt at circumvention of the conditional certification in *Illano* is mooted by its earlier finding on the duplicative nature of this litigation.

IV.  **Conclusion**

Accordingly, after careful consideration and the Court being otherwise fully advised, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

1.  Defendant's Omnibus Motion to Dismiss be, and the same, is hereby

    **GRANTED.**

2.  The above-styled action is **DISMISSED WITH PREJUDICE.**

3.  All pending motions are **DENIED** as moot.

4.  The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this

26th day of July, 2010.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

Cc:
**Counsel for Plaintiff**
**Jason Saul Remer**
Remer & Georges-Pierre PLLC
11900 Biscayne Boulevard
Suite 288
North Miami, FL 33181
(305) 416-5000
(305) 416-5005 (fax)
jremer@rgpattorneys.com

**Counsel for Defendants**
**Robert J. Carty, Jr.**
Seyfarth Shaw, LLP
700 Louisiana, Suite 3700
Houston, TX 77002
(713) 225-2300
rcarty@seyfarth.com

**Erin L Malone**
Phelps Dunbar LLP
100 S. Ashley Dr., Suite 1900
Tampa, FL 33602
(813) 472-7891
erin.malone@phelps.com

**Dennis Michael McClelland**
Phelps Dunbar
100 S Ashley Drive
Suite 1900
Tampa, FL 33602-5311
(813) 472-7865
(813) 472-7570 (fax)
dennis.mcclelland@phelps.com

**Andrew M. Paley**
Seyfarth Shaw LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067
(310) 277-7200
apaley@seyfarth.com

**Sheryl Skibbe**
Seyfarth Shaw LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067
(310) 277-7200
sskibbe@seyfarth.com